a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALBERTUS CONNER JR #50640, Petitioner | DOCKET NO. 5:24-CV-1147 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Albertus Conner, Jr. ("Conner"). Conner is a pretrial detainee at the Caddo Parish Correctional Center in Shreveport, Louisiana. He challenges his arrest and pending charges.

Because Conner has not satisfied the exhaustion requirement, the Petition (ECF No. 5) should be DISMISSED WITHOUT PREJUDICE.

I.  Background

Conner alleges that he was wrongfully arrested and detained in Caddo Parish. He asserts that he was transferred to a mental hospital for a competency evaluation and incorrectly diagnosed with schizophrenia. ECF No. 5 at 10-11. Conner seeks his release from custody and the dismissal of pending charges. *Id.* at 11.

II. Law and Analysis

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state

1

pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987).

The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.* A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Conner filed a writ application in the Louisiana Supreme Court, but it was not filed in a procedurally proper manner because he did not first seek review in the court of appeal. *See State v. Conner*, 2024-00515, p. 1 (La. 9/4/24); 391 So.3d 1052 ("Writ application not considered - Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La. S.Ct. R. X § 5(b)."). Conner must file a state habeas petition in the trial court. If denied, he must seek discretionary review in the Louisiana Second Circuit Court of Appeal before seeking review in the Louisiana Supreme Court. *See Wilson v. Foti*, 832 F.2d 891,

2

893 (5th Cir. 1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007). Then, he may seek habeas relief in this Court.

### III.    Conclusion

Because Conner has not exhausted his habeas claims in state court, IT IS RECOMMENDED that the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 27, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE